# EXHIBIT F

**Legal Services**
1829 Denver West Dr. Bldg. 27, Golden, CO 80401
Phone: 303.982.6544



June 2, 2026

Messrs. Nico Mittnacht, Supervisory Attorney/Team Leader & Dan Kowalski, EEO Specialist
U. S. Dept. of Education Office for Civil Rights
1560 Broadway, Suite 110
Denver CO 80202

Re: OCR Case Number 08-25-5902

Dear Nico and Dan:

I am writing in response to our conversation last week and your email of Friday afternoon.

Our understanding from those recent communications is that despite prior productive meetings on May 8 and 21, OCR may no longer be interested in continuing to participate in conversations with us to work through the factual and legal questions that we have raised and instead seeks a formal response regarding one or more terms of the proposed Resolution Agreement.

Candidly, Jeffco is quite disappointed with this late breaking development. As you know, we asked for critical information to understand OCR's findings, because they rest on a fundamental misunderstanding of the data we provided in July of 2025. Obtaining that clarification from OCR is crucial to Jeffco's ability to meaningfully evaluate each of the three Action Items in the proposed Resolution Agreement.

OCR did not engage with District staff whatsoever in the eight months after receiving our data submission—contrary to the dialogue we would have expected during an investigation under OCR's own Case Processing Manual—resulting in OCR's March 13 issuance of erroneous conclusions that could have been clarified if only we had been given the opportunity. Specifically, OCR *incorrectly* concluded, and has publicly claimed, that more than 60 male students are competing on Jeffco's girls' sports teams. This is not true.

As we advised in our April 12 correspondence, OCR's calculation simply does not match the data we provided. Because OCR never reached out to us for clarification, yet publicly announced its inaccurate finding, the District was unable to meaningfully address the resulting concerns from, and potential risks to, our community. This makes our current communications even more important, and OCR should not cut those nascent conversations short preemptively – and certainly not while we remain within the CPM's window for ongoing good-faith negotiations.

When we first met on May 8, Jeffco solicited detailed information about how OCR came to its erroneous conclusion and came away from that meeting with the understanding that OCR would follow up further in writing. That has not yet happened. Notwithstanding, we met again May 21, and I reiterated that neither the data set, nor further inquiry have shown that any male student was a competitor on a girls' athletic team. Also, that the available data does not support that any female student athlete has been deprived of a competitive opportunity. Again, we came away from the meeting with the understanding that OCR would follow up further, which has not yet come to pass.

The entire premise of OCR's investigation—that girls in Jeffco are being harmed by facilities use policies that have been the law statewide in Colorado since 2012 and also denied equal athletic opportunities—is contradicted by the facts. While we have begun to discuss *some* of this with OCR, there is still much to discuss. At present, we are scheduled to meet again on June 16, and very much hope that meeting will proceed, as agreed.

OCR previously suggested that a third-party settlement involving CHSAA and District 49 has implications for Jeffco. But Jeffco was not a party to that lawsuit, so its relevance to our District is unclear. And regardless, our legal obligations under Colorado law are unchanged. We specifically asked OCR to explain its position regarding the application of the CHSAA case and sought guidance about tension in the law.

As we expressly agreed to discuss further, Jeffco's facilities use and athletics participation policies alike are grounded in Colorado's Anti-Discrimination Act ("CADA"). Many of CADA's requirements have been in place for more than a decade, including between 2020-2024. Yet, OCR did not challenge the District's policies then. Jeffco's policies and practices are not unique. They are largely consistent with the majority of the 179 school districts across the State of Colorado. The challenge for Jeffco and *all* public P-20 educators in Colorado is real, valid, *and not merely theoretical*, as we must navigate OCR's current sub-regulatory interpretation of Title IX, and the Colorado Supreme Court's recent pronouncement that CADA is not pre-empted by mere statements of Federal policy. *See e.g. Boe v. Children's Hospital Colorado*, 2026 WL 1382147 (Colo. May 18, 2026). Respectfully, if what OCR wishes is to force a facial confrontation with the tenets of CADA that are woven into Jeffco's policies, that fight is bigger than one district, and our 70,000 students deserve more than OCR walking away from our ongoing conversations.

Additionally, as we discussed when we spoke last week, the U.S. Supreme Court will decide *B.P.J. v. West Virginia State Board of Education* later this month, which may provide further good guidance on the intersection between state law and federal authority regarding Title IX. Considering the recent Title IX decision in *Female Athletes United v. Ellison*, 172 F.4th 1019, 1029 (8th Cir. 2026), and the High Court's own prior caution for agency guidance as announced in *Loper Bright Enters. V. Raimondo*, 603 U.S. 369, 386 (2024), prudence is warranted, and it would behoove both OCR and the District to take into account the Court's coming decision in *B.P.J.*, in particular as it regards proposed Resolution Agreement Action Item 1.

Given the unresolved factual errors in OCR's March 13 Letter of Findings, the information we have requested but not yet received from OCR, the conflict with Colorado's legal framework, and the pending decision in *B.P.J.*, we respectfully request that OCR return to the table so that we may continue to work together on how Jeffco may maintain compliance with both state and federal law, while continuing to provide equitable educational opportunities for *all* students.

JEFFCO PUBLIC SCHOOLS

*s/ Jacquelynn N. Rich Fredericks*
Jacquelynn N. Rich Fredericks
Assistant General Counsel

Cc: Tracy Dorland, Superintendent
    Jeffco Board of Education