**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-3427-REB

BOARD OF EDUCATION OF JEFFERSON COUNTY SCHOOL DISTRICT RE-1,

Plaintiff,

v.

LINDA MCMAHON, in her official capacity as Secretary of Education of the United States, and
UNITED STATES DEPARTMENT OF EDUCATION,

Defendants.

---

**JOINT MOTION FOR ADMINISTRATIVE STAY**

---

The parties jointly move to administratively stay this case.[1] Good cause exists for the parties' requested administrative stay.

Good cause for administrative stay exists because Defendants (collectively, the U.S. Department of Education) do not currently intend to pursue an enforcement action against Plaintiff based on any Title IX violation articulated in the Letter of Findings identified in Plaintiff's Complaint, ECF No. 1, ¶¶ 10, 23–25. "Enforcement action" is defined as an attempt to restrict or rescind federal funds, designation of Plaintiff as "high risk," or a requirement that federal funds be available only via reimbursement.[2]

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), Defendants' counsel conferred with Plaintiff's counsel about this Motion, and Plaintiff joins in this Motion.

[2] Defendants make no representations as to the actions of non-defendants, including the Department of Justice, related to any Title IX violation articulated in the Letter of Findings identified in Plaintiff's Complaint, ECF No. 1, ¶¶ 10, 23–25. Defendants agree, however, to provide 45 days' notice of any potential enforcement action by the

If an administrative stay occurs and Defendants and/or the Department of Justice later intend to pursue an enforcement action, Defendants will provide Plaintiff with 45 days' notice of such intent and the intended enforcement action. Following such notice, the parties will promptly move to reopen this action, and Defendants will file a responsive pleading to the Complaint.

Given the above, and as explained herein, the parties jointly move to administratively stay this action unless and until Defendants provide Plaintiff with notice of an intent to pursue an enforcement action.

**ARGUMENT**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A court may stay proceedings to "control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

In determining whether to administratively stay an action, courts thus consider the following *String Cheese* factors: "(1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest." *Atkins v. HCA-HealthONE, LLC*, No. 15-cv-00037-WYD-KLM, 2015 WL 1298507, at *2 (D. Colo. Mar. 19, 2015) (citing *String Cheese Incident, LLC v. Stylus*

---

Department of Justice.

*Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

Each of those factors supports administrative stay here.

**Factor 1—Plaintiff's interests and prejudice to Plaintiff.** Plaintiff is jointly moving for an administrative stay and agrees that the benefits of administrative closure outweigh its interest in proceeding expeditiously. Plaintiff likewise confirms that those benefits outweigh any prejudice caused by a delay in this litigation given Defendants' assurance that they do not currently intend to pursue enforcement action. The first *String Cheese* factor thus favors an administrative stay.

**Factor 2—Defendant's burden.** Defendants submit that they would be burdened by this litigation, particularly given that they do not currently intend to pursue an enforcement action against Plaintiff based on any Title IX violation articulated in the Letter of Findings identified in Plaintiff's Complaint, ECF No. 1, ¶¶ 10, 23–25. The second *String Cheese* factor, therefore, also favors an administrative stay.

**Factor 3—Court convenience.** Given that the parties agree that an administrative stay is in both parties' interests, the Court's time is not well served continuing to manage this litigation in its current posture. *Cf. Harbinger Cap. Partners LLC v. Ergen*, No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. Mar. 10, 2015) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure should be administered to best promote "the just, speedy, and inexpensive

determination of" a proceeding). Accordingly, the third *String Cheese* factor weighs in favor of an administrative stay.

**Factor 4—Nonparties' interests.** A stay will serve the interests of nonparties by allowing the Court, the Department of Justice, and Plaintiff, all "of which are funded by the public, to focus their efforts on matters more pressing than" litigation that the parties agree is not presently necessary. *Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). The Department of Justice, while not a party to this incident, does not currently plan to pursue enforcement action against Plaintiffs and will provide notice to the Plaintiffs should such plans change. The fourth *String Cheese* factor, therefore, weighs in favor of an administrative stay as well.

**Factor 5—Public interest.** The public interest weighs in favor of granting the requested relief. "[T]he general public has an interest in the efficient and just resolution of this case." *Ratcliff v. Brown*, No. 23-cv-00605-RM-MDB, 2023 WL 6314566, at *5 (D. Colo. Sept. 28, 2023). "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020); *see also Harbinger*, 2015 WL 1133503, at *2 ("Avoiding wasteful efforts by the Court clearly serves this interest."). Given the parties' position that litigation is not currently needed, the public interest is not well served in presently continuing this action. The public interest—the final *String Cheese* factor—thus also favors an administrative stay here.

***

In sum, the *String Cheese* factors favor an administrative stay. Defendants do not currently intend to pursue an enforcement action against Plaintiff. As a result, and given the application of the *String Cheese* factors, an administrative stay is appropriate here.

## CONCLUSION

For the reasons stated herein, the parties respectfully request that the Court issue an order granting an administrative stay of this action.

Dated: November 9, 2026.

s/ Timothy J. Heaphy
Timothy J. Heaphy
Lindsay Hemminger
Heaphy Smith Harbach & Windom LLP
1701 Pennsylvania Avenue Nw
Suite 200
Washington, DC 20006
Telephone: 202-739-8475
Email: Theaphy@hshw.com
Lhemminger@hshw.com

Eric R. Olson
Isabel Juliana Broer
Olson Grimsley Kawanabe Hinchcliff & Murray LLC
700 17th Street Suite 1600
Denver, CO 80202
Telephone: 303-535-9151
Email: Eolson@olsongrimsley.com
Ibroer@olsongrimsley.com

Attorneys for Plaintiffs

Respectfully submitted,

PETER MCNEILLY
United States Attorney

s/ Nicholas A. Deuschle
***Nicholas A. Deuschle***
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0411
E-mail: Nick.Deuschle@usdoj.gov
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ Nicholas A. Deuschle
***Nicholas A. Deuschle***
United States Attorney's Office